PHARMACISTS — ADVERTISING — EFFECT OF U.S. SUPREME COURT DECISION — POWER OF BOARD TO PROHIBIT MISLEADING ADS Pursuant to the decisions of the United States Supreme Court (Virginia State Board of Pharmacy et al., v. Virginia Citizens Consumer Council, Inc., et al., ___ U.S. ___, 96 S.Ct. 1817, 48 L.Ed.2d 346) and that of the United States District Court for the Western District of Oklahoma (A.F.L. C.I.O., et al. v. Derryberry, et al., No. 74-592.E), 59 O.S. 736.1 [59-736.1] (1971) is unconstitutional in its prohibition of the advertisement of the price of prescription drugs. The State Board of Pharmacy has the power under the Oklahoma Statutes to promulgate rules and regulations which will prohibit improper or misleading advertising and nothing in the Court decisions cited herein precludes or prohibits the Board from adopting such rules and regulations. The Attorney General is in receipt of your letter wherein you request an opinion in reference to the following questions: 1. What effect does the United States Supreme Court decision, Virginia State Board of Pharmacy, et al. v. Virginia Citizens Consumer Council, Inc., et al., No. 74-895 (May 24, 1976) have on the Oklahoma Statute prohibiting the advertisement of the price of prescription drugs? (59 O.S. 736.1 [59-736.1]) 2. What power and authority does the State Board of Pharmacy have under the Oklahoma Statutes to promulgate rules and regulations which will prohibit improper or misleading advertising ? Title 59 O.S. 736.1 [59-736.1] (1971) provides: "No person, firm, or corporation, or a member of any professional group regulated and defined by the Statutes of Oklahoma, shall advertise the price of any service, commodity, or material which requires a prior examination and/or prescription by and/or from a person licensed to practice a healing art in this State as defined by Title 59, Oklahoma Statutes 1951, to determine the proper service, commodity, or material to be rendered or delivered to the user or consumer thereof for the purpose of the correction or relief of any abnormalities or deformities of the human body. Provided this Act shall not prohibit the advertisement of hearing aids, and/or trusses." It is clear from reading this statute that the Oklahoma law prohibits the advertising of prescription drugs. Similar laws exist in most other jurisdictions. The State of Virginia had a statute that was very similar to 59 O.S. 736.1 [59-736.1] in that it also prohibited the advertising of prescription drugs. In Virginia, a consumer organization, the Virginia Citizens Consumer Council, brought an action against the Virginia State Board of Pharmacy and its individual members challenging the validity of the Virginia Statute under the First andFourteenth Amendments. A three-judge federal panel in Virginia declared the statute void and enjoined the Virginia State Board of Pharmacy from enforcing it. This decision was appealed and on May 24, 1976, the United States Supreme Court in Virginia State Board of Pharmacy, et al. v. Virginia Citizens Consumer Council, Inc., et al., ___ U.S. ___, 96 S.Ct. 1817, 48 L.Ed.2d 346, upheld the lower court decision and declared the Virginia Statute unconstitutional. In Virginia Citizens, supra, the Supreme Court in its Opinion overruled a long line of prior decisions which previously justified the prohibition imposed by many states upon the advertising of prescription drug prices. In this decision, the Supreme Court recognized for the first time that theFirst Amendment to the United States Constitution affords protection to "commercial speech". As the term implies, the Court noted that pharmacists were seeking to propose no more than a commercial transaction. In Virginia Citizens, supra, the Virginia State Board of Pharmacy had argued that the State had an interest in maintaining the professionalism of its licensed pharmacists and, therefore, prohibiting the advertising of prescription drugs was a proper State interest. The Court, in response to this argument stated: "The ban on advertising prescription drug prices cannot be justified on the basis of the State's interest in maintaining the professionalism of its licensed pharmacists. The State is free to require whatever professional standards it wishes of its pharmacists and may subsidize them or protect them from competition in other ways, but it may not do so by keeping the public in ignorance of the lawful terms that competing pharmacists are offering." The Court went on to state: "That the advertiser's interest in a commercial advertisement is purely economic does not disqualify him from protection of the First and Fourteenth Amendments. Both the individual consumer and society in general may have strong interest in the free flow of commercial information." In rendering its decision the Court held; "Commercial speech is not wholly outside the protection of the First and Fourteenth Amendments, and the Virginia Statute is therefore invalid." Concededly, 59 O.S. 736.1 [59-736.1] (1971) operates as an absolute prohibition on advertising which was declared unconstitutional by the United States Supreme Court in Virginia Citizens, supra. Clearly then, that decision operates to hold all similar statutes unconstitutional, which includes 59 O.S. 736.1 [59-736.1] (1971). During the pendency of the decision in Virginia Citizens, supra, an action was filed in the United States District Court for the Western District of Oklahoma directly attacking the constitutionality of 59 O.S. 736.1 [59-736.1] (1971) (A.F.L. — C.I.O., et al. v. Derryberry, et al., No. 74-592-E). In that case the three-judge panel determined that it would wait for a decision by the United States Supreme Court in Virginia Citizens, supra, which would be controlling. On October 26, 1976, pursuant to the United States Supreme Court decision in Virginia Citizens, supra, the Oklahoma three-judge panel declared 59 O.S. 736.1 [59-736.1] (1971), unconstitutional. Therefore, pursuant to decisions of the United States Supreme Court and that of the United States District Court for the Western District of Oklahoma, 59 O.S. 736.1 [59-736.1] (1971) is unconstitutional in its prohibition of the advertisement of the price of prescription drugs. Your second question relates to the power and authority granted to the Board of Pharmacy to promulgate rules and regulations which will prohibit improper or misleading advertising. It is presumed for the purposes of this opinion that you request a determination as to the limitations imposed upon the Board by reason of the recent Supreme Court decision heretofore cited. The Supreme Court in reaching its decision in the Virginia Citizens case, supra, concluded that some forms of commercial speech regulations are permissible, specifically noting three instances in which regulation was not only permissible, but previously endorsed by the Supreme Court. First of all, the Court observed that the present challenge did not encompass a prohibition involving a mere time, place and manner restriction. The Court indicated and cited prior Supreme Court decisions upholding restrictions of this nature where they were (1) justified without reference to the content of the regulated speech, (2) that they serve a significant governmental interest, and (3) that such restriction left open ample alternative channels for communication of information. Thus, it would appear that a state may restrict the time, manner and place of advertising prescription drugs without running afoul of constitutional restrictions under the First and Fourteenth Amendments. Secondly, and directly in point with your second question, the Court maintained that untruthful speech, commercial or otherwise, has never been protected for its own sake. Thus, the Court concluded that its instant decision did not preclude the State from enacting legislation to prevent false or misleading drug advertising. Thirdly, the Court recognized the need for statutory control of illegal transactions which might be proposed in commercial advertising by pharmacists. Therefore, it is evident that from the decision rendered in the Virginia Citizens case, supra, the Board of Pharmacy is not restricted from enacting measures to prevent false or misleading advertising as the same relates to the advertisement of prescription drugs. Title 59 O.S. 353.7 [59-353.7] (1971) relating to the powers and duties of the Oklahoma State Board of Pharmacy provides in its pertinent part: "The State Board of Pharmacy shall have the powers and it shall also be its duty: ". . . " (n) To make and publish uniform rules and regulations such as may be necessary for carrying out and enforcing the provisions of this act and as in its discretion may be necessary to protect the health and safety and welfare of the public." It is therefore clear that the State Board of Pharmacy may adopt those rules and regulations which it believes in its discretion are necessary to protect the health, safety and welfare of the public even as it relates to the advertisement of prescription drugs. As previously discussed, nothing in the Virginia Citizens case, supra, precludes or prohibits a board of pharmacy from carrying out this function and therefore under the Oklahoma Statutes the State Board of Pharmacy may adopt and promulgate rules and regulations that will prohibit improper or misleading advertising. It is, therefore, the opinion of the Attorney General that your first question be answered as follows: Pursuant to the decisions of the United States Supreme Court (Virginia State Board of Pharmacy et al., v. Virginia Citizens Consumer Council, Inc., et al., ___ U.S. ___, 96 S.Ct. 1817,48 L.Ed.2d 346) and that of the United States District Court for the Western District of Oklahoma (A.F.L.-C.I.O., et al. v. Derryberry, et al., No. 74-592-E), 59 O.S. 736.1 [59-736.1] (1971) is unconstitutional in its prohibition of the advertisement of the price of prescription drugs. It is further the opinion of the Attorney General that your second question be answered as follows: The State Board of Pharmacy has the power under the Oklahoma Statutes to promulgate rules and regulations which will prohibit improper or misleading advertising and nothing in the Court decisions cited herein precludes or prohibits the Board from adopting such rules and regulations. (PAUL C. DUNCAN) (ksg) ** SEE: OPINION NO. 76-381 (1976) **